# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2012

No. 11-40579
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YAREZ SALA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-48-4

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Yarez Sala pleaded guilty pursuant to an agreement to one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and was sentenced to the statutory minimum, 10 years of imprisonment. Sala argues that the factual basis was insufficient to support his guilty plea and, as such, the district court did not have jurisdiction to impose the statutory minimum. He also argues that our standard of review for evaluating a district court's acceptance of a guilty plea violates the Due Process Clause.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Subsection (f) of Rule 11 [of the Federal Rules of Criminal Procedure] requires the district court to determine that the *factual* conduct to which the defendant admits is sufficient *as a matter of law* to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc). A district court cannot enter a judgment of conviction based on a guilty plea unless it is satisfied that there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3). The district court must compare the defendant's admitted conduct with the elements of the offense charged in the indictment to ensure that the defendant understands the nature of the charge and that his conduct falls within the charge. *Marek*, 238 F.3d at 315. "[A] challenge to the legal sufficiency of an undisputed factual basis . . . is a straightforward question of law, reviewed *de novo*." *United States v. Butler*, 637 F.3d 519, 521 (5th Cir.), *cert. denied*, 132 S. Ct. 844 (2011) (internal quotation marks and citations omitted). We regard the district court's acceptance of a guilty plea as a factual finding that is reviewed for clear error. *United States v. Reasor*, 418 F.3d 466, 470 (5th Cir. 2005).

In *United States v. Dayton*, 604 F.2d 931, 940–41 (5th Cir. 1979), this court, en banc, established the standard of review for accepting a guilty plea in accordance with FED. R. CRIM. PROC. 11. The court determined that a district court's acceptance of a plea is a positive finding reviewable under the clearly erroneous standard. *Id.* at 941. In *Frank v. Blackburn*, 646 F.2d 873, 881–82 (5th Cir. 1980), this court, en banc, reaffirmed that the clearly erroneous standard applied to a district court's acceptance of a guilty plea pursuant to Rule 11. Accordingly, under the clearly erroneous standard, the district court's acceptance of Sala's guilty plea will be upheld "as long as it is plausible in light of the record as a whole." *See United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir. 2006) (internal quotation marks and citation omitted); *see also United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008).

To establish a conspiracy to distribute a controlled substance, the Government must prove beyond a reasonable doubt: "(1) the existence of an

agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Valdez*, 453 F.3d 252, 256–57 (5th Cir. 2006). In order to trigger the increased statutory sentencing range under 21 U.S.C. § 841(b)(1)(A), the Government must also prove that the conspiracy involved at least five kilograms of cocaine. *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). The indictment to which Sala pleaded guilty, as well as his sworn factual statement, set forth sufficient facts that an agreement existed to engage in his conspiracy with "one person" to distribute five or more kilograms of cocaine. *See United States v. Guzman*, 852 F.2d 1117, 1120 (5th Cir. 1988). Accordingly, the district court did not clearly err in accepting Sala's guilty plea. *See Hildenbrand*, 527 F.3d at 475. As such, Sala's argument that the district court lacked jurisdiction to impose the statutory minimum sentence is unavailing.

Sala's arguments that mandatory minimum sentences violate the Fifth and Eighth Amendments have been rejected. *See Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) ("There can be no serious contention . . . that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.'"); *Chapman v. United States*, 500 U.S. 453, 467 (1991) ("Congress has the power to define criminal punishments without giving the courts any sentencing discretion." ); *United States v. Rojas-Martinez*, 968 F.2d 415, 420 (5th Cir. 1992) ("Imposition of mandatory minimum sentences for offenses involving large quantities of illegal drugs bears a rational relationship to the legitimate purpose of enforcing federal drug laws and is not arbitrary."). Further, Sala's argument that mandatory minimum sentences violate the rule of lenity is misplaced and without merit. Accordingly, the judgment of the district court is AFFIRMED.